No. 303.

W. A. MARTIN VS. E. O. WALKER AND S. HEROLD.

| 43 | 1019 |
|-----|------|
| 110 | 306 |
| 43 | 1019 |
| 119 | 879 |

1. All homestead exemptions acquired since the adoption of the Constitution of 1879 must conform to the conditions and requirements imposed by that instrument.

2. While the Constitution preserved intact homestead rights acquired under prior laws before the date of its adoption, as to future homesteads, it repealed those laws in so far as they were inconsistent with the requirements of the Constitution.

3. The conditions of *bona fide* ownership and actual residence are essential to the creation and maintenance of any homestead exemption since the date of the Constitution, and when such conditions cease to exist the exemption falls, and this applies equally to homestead entries on the public lands of the State under Acts 21 of 1871 and 64 of 1888.

4. Dennis vs. Gayle, 40 An. 286, affirmed, holding that a judgment sustaining a claim of homestead exemption is no bar to subsequent action to subject the same property to execution, on allegation and proof that the essential conditions on which the judgment was based have been changed and lost.

APPEAL from the First District Court, Parish of Caddo. *Taylor, J.*

*J. Henry Shepherd* for Plaintiff and Appellee:

1. The foundation of public policy is common honesty. "The fallacy lies in supposing the property to be that of the family." The property of a debtor is the common pledge of all his creditors. Nugent vs. Caruth, 32 An. 444.

2. The words in any event can receive not greater force than the word permanent, and to construe these words to mean forever would be void on the ground of public policy. Supreme Court Reporter, U. S., Vol. 10, p. 846.

3. Homestead laws are inoperative against prior debts, because such exemptions impair the obligations of a contract by destroying the remedy. Edwards vs.

Keazy, 96 U. S. 600; Martin vs. Kilpatrick, 30 An. 1214; Pool vs. Cook, 34 An. 332; Succession of Furniss, 34 An. 1013; Kinder vs. Lyons, 30 An. 713; Taylor vs. Saloy, 38 An. 63.

4. The debtor who claims must combine in him at least three conditions: he must occupy it as a residence; he must own the property, and must have a family dependent upon him for support.  A judgment declaring property as his home-stead, based on these conditions, will cease to have effect and become inopera-tive against judicial mortgages as soon as any one of these conditions cease to exist.  The judicial mortgage which has been properly inscribed against the owner of property recognized as his homestead and which were dormant, be-come executory against the property even in the hands of a third possessor by virtue of a sale from the original owner.  Dennis vs. Gayle, 40 An. 286; Herbert vs. Mayer, 42 An. 839.

5. It is immaterial by virtue of what law a homestead is acquired; to maintain it the three essential conditions of ownership, occupancy, and some member of his family dependent on him for support, must coexist continuously.

---

*Wise & Herndon* for Defendants and Appellants:

1. The action of a creditor to have a judgment recognizing a homestead in favor of his judgment debtor declared inoperative and void, for the reason that the conditions which were the motives of the judgment have ceased to exist, rest on the principle that something has happened since the rendition of the judg-ment which destroys the effect of the judgment.  Dennis vs. Gayle et al., 40 An. 286.

2. A judgment can not be set aside and declared of no effect when a suit is brought for that purpose, when the same conditions exist when suit is brought; when judgment was rendered it is *res adjudicata*.  Burchard vs. Parker, 24 An. 33; 32 An. 535.

3. Prescription of one year is applicable to suits brought to have judgments de-clared null and void.

4. A judgment between same parties, same cause of action and same facts, is *res adjudicata*, and when plead should be sustained.  Suc. of McDonogh, 24 An. 33; Burchard vs. Parker, 32 An. 535; 35 An. 553, Sewell vs. Scott.

5. State of Louisiana has a right under the act of Congress to dispose of its public domain under any condition it may see proper, when the act of Congress mak-ing the grant to the State so provides.  R. S. 1870, p. 569, Sec. 2.

6. Acts No. 21, 1871, and 64 of 1888.  To secure homestead to actual settlers on public lands.

---

The opinion of the court was delivered by

FENNER, J.    Plaintiff is the holder of a judgment against defend-ant, E. O. Walker, rendered and recorded as a judicial mortgage in 1885.

In 1889 plaintiff issued a *fi. fa.* on his judgment, under which a tract of land belonging to Walker was seized.

Walker thereupon brought an injunction suit to restrain the sale, averring in his petition that he " had acquired the property by

homestead entry under the laws of Louisiana, as shown by his patent; that said land is now owned and occupied by him in good faith as a homestead, and he has a family, and has complied with all the requirements of law to obtain a homestead from the public domain of the State," etc.

Issue was joined and trial had, resulting in a judgment perpetuating the injunction and decreeing the property " to be free from any incumbrance resulting from said judgment or debt or from the recordation thereof."

Some fifteen months after the rendition of above judgment, Martin instituted the present action, in which he seeks to have the said judgment decreed to be inoperative and of no effect, on the ground that facts upon which the judgment of exemption was based had ceased to exist, the said Walker having sold the property therein claimed as a homestead and having also removed therefrom and ceased to occupy it. The alleged purchaser, Herold, was joined as a party.

Herold filed an exception of misjoinder and of prematurity, based on the ground that, as a third possessor, he was entitled to the demand and notice required by law in the hypothecary action. This is not the hypothecary action. It does not invoke the seizure or sale of the property. It simply seeks to move out of the way a judgment which stands as an obstacle to any proceedings whatever for the enforcement of the creditor's right or claim of right. If plaintiff should succeed in his present action he would still be remitted to his hypothecary action, and Herold would be entitled to all his rights as a third possessor. We agree with the District Judge, that he has no cause to complain of being made a party, and thus allowed to contest the present suit the claim in which vitally affects his interests. The plea of *res adjudicata* based on the former judgment was rightly overruled. The issues in the two cases are radically different. In the first, Walker claimed a homestead exemption based upon the allegations, amongst others, that he was the *bona fide* owner and occupant of the property claimed as his homestead; and, under that state of facts, the judgment decreed the exemption. Now Martin alleges that he has since parted with both ownership and occupancy, and the issue is whether the homestead exemption continues or has been lost. We have so recently con-

sidered the nature and effect of such judgments, that nothing more is necessary than to quote our former language:

"Plaintiff does not, in any manner, question the correctness of the judgment in its disposition of the issues then tendered to the court for solution, hence he does not put to issue the right of Gayle to his homestead as therein recognized under the conditions and circumstances then existing. His contention is simply that the reasons on which the judgment was founded, and from which it derives its vitality, having ceased to exist, the judgment itself has become extinct, without force, or effect, or life. The issues which he now tenders had no being or existence at the time the judgment was rendered, hence they were no elements in the consideration of the cause, and, therefore, the judgment could not be *res adjudicata* as to his present cause of action." Dennis vs. Gayle, 40 An. 288; Calvitt vs. Williams, 35 An. 322; Lemennier vs. McCearly, 37 An. 133.

The same authorities equally dispose of the plea of prescription against the action of nullity, and establish that this is, in no sense, an action of nullity of the former judgment.

This brings us to the issues of fact and of law.

So far as the facts are concerned, we content ourselves with the statement that the evidence in the record conclusively sustains the findings of the judge *a quo*, and establishes that Walker has sold the land in controversy, with a pact of redemption, and has abandoned his occupancy of, and residence on, the place.

If the homestead exemption claimed by defendant is governed by the Constitution of 1879, and the laws passed in pursuance thereof, there can not be a shadow of question that it is lost and destroyed. We can not express our view of the law more tersely than by quoting from a recent decision: "Under the plainest rules of construction, the debtor who claims the exemption must combine in himself four indispensable conditions:

" (1) He must be the *bona fide* owner of the land; (2) he must occupy the premises as a residence; (3) he must have a family or person or persons dependent on him for support; (4) the property must not exceed in value $2000. Numerous adjudications of this court are authority for the assertion that the absence of any one of these conditions will defeat his claim for exemption, and that to entitle him to the homestead all the conditions must coexist at the very time that the claim is propounded. Tilton vs. Vignes, 33 An. 240;

Gallagher vs. Payne, 34 An. 1057; Bossier vs. Sheriff, 37 An. 263. Hence it follows, that if, subsequently to the judgment which recognizes the exemption, any one or all of the conditions which were required to justify its rendition should cease to exist, the right to the homestead must fall." Dennis vs. Gayle, 40 An. 290.

Defendant, however, claims that the homestead exemption claimed in this case is not governed by the Constitution of 1879, but arises under, and is governed by, the provisions of Act 21 of 1871, and Act 64 of 1888, amending and reënacting the former, which is entitled "An act to secure homesteads to the settlers on the public lands of the State;" and they rely on the following section contained in both acts: " That no lands acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor."

We do not find it necessary to express any opinion upon the original validity of this provision; nor on the question as to whether, upon consideration of the whole act, the exemption was to continue beyond the term of the settler's ownership and occupancy; nor as to the rights of patentees under the act of 1871, under patents issued prior to the Constitution of 1879. In this case the entry, settlement and patent were all made, and the homestead acquired, after the adoption of the Constitution of 1879. We hold, with the District Judge, that this fact subjected the homestead to the provisions of that instrument, and to all the conditions imposed thereby as essential to the creation and maintenance of a valid homestead exemption. We are perfectly clear that the Constitution intended to make exclusive provision for the nature and extent of future homestead exemptions, and the conditions on which they should exist. This conclusively appears from the following clause of Article 220: " Rights to homesteads, or exemptions under laws or contracts, or for debts existing at the time of the adoption of this Constitution, shall not be impaired, repealed or affected by any provision of this Constitution, or any laws passed in pursuance thereof." It could not have been necessary thus carefully to protect rights acquired under prior homestead laws, and existing at the date of the adoption of the Constitution, if it had intended that such laws should continue operative for the future, and authorized the continued creation of homesteads, independent of the constitutional regulations. It is apparent that prior laws, in so far as they were incon-

sistent with the provisions of the Coustitution, and as to future homestead exemptions, were repealed. If, therefore, the acts referred to of 1871 and 1888 dispense with the conditions prescribed by the Constitution as to future homesteads, they are, to that extent, in conflict with the Constitution, and inoperative and void. If they do not dispense with those conditions, the latter must be complid with. On either hypothesis, the defendants' case is untenable, and the District Judge did not err in rejecting their pretensions.

Judgment affirmed.