tionary, where neither has possession of the res. 11 Cyc. 1002.

It is therefore ordered that the restraining order herein issued be recalled, that the rule to show cause be discharged, and that this application be dismissed, with costs.

NICHOLLS, J., concurs in the decree.

---

(44 South. 513.)

No. 16,703.

PERRIN v. CRESCENT CITY STOCK-
YARD & SLAUGHTERHOUSE
CO., Limited.

In re PERRIN.

(Aug. 7, 1907.)

NUISANCE — MANUFACTURE OF FERTILIZERS—
RES JUDICATA—MANDAMUS.

The nuisance complained of was not necessarily permanent.

After judgment had been rendered by the Supreme Court, the local board of health and the police jury adopted regulations to the end of absolutely remedying the nuisance. The resolution was complied with by the defendant, and a permit was issued to it to reopen its plant as a tallow-rendering plant.

On an application for mandamus, the court declined to set aside the judgment of the lower court, rejecting plaintiff's demand and setting aside the rule to punish the officers of the defendant company for contempt.

The ground upon which the district court based its action was that res judicata had no application to the state of facts which arose after the judgment had been rendered.

Certiorari and mandamus do not lie.

(Syllabus by the Court.)

Action by Alexander P. Perrin against the Crescent City Stockyard & Slaughterhouse Company, Limited. Rule against H. B. Wheeler and another to have them punished for contempt. On denial of the application, plaintiff applied for writs of certiorari and mandamus. Rule discharged. Applicant's petition dismissed.

See 43 South. 938, ante, p. 83.

A. E. &. O. S. Livaudais, for relator. Nemours Henry Nuñez, respondent judge, in pro. per.

BREAUX, C. J. In August, 1906, plaintiff instituted suit against the Crescent City Stockyard & Slaughterhouse Company, Limited, and obtained a writ of injunction to prohibit defendant from continuing with the business of manufacturing fertilizer and of rendering animal matter, and from operating a tallow factory upon its premises.

Plaintiff's specific complaint was that the defendant company, in violation of its charter, and in disregard of the rights and comforts of the inhabitants, and in violation of the ordinance of the police jury, established upon its premises at a distance of about 300 feet from the river front its fertilizer plant, its rendering plant, and its boiler factory for the manufacture of tallow and fertilizer.

The defendant controverted the allegations of plaintiff.

The case being at issue, the trial was had.

A judgment was rendered by the district court in favor of plaintiff, perpetuating the writ of injunction in so far as related to fertilizers. As relates to the tallow plant, the injunction was perpetuated against it only to the extent of preventing defendant from operating it without modern deodorizers. The judgment directed that the defendant should use only fresh tallow, and that the remnants of the container or boiler should all be moved away.

From this judgment the defendant took an appeal to this court.

Here the plaintiff joined issue with defendant and asked for an amendment of the judgment to the end of prohibiting defendant from cooking or manufacturing tallow of any kind.

A decision was rendered amending the decree of the lower court; the court holding that the plaintiff is entitled to an amendment of the judgment.

We quote from the decree in this case:

"It is hereby ordered, adjudged, and decreed that the branch of the case is annulled, avoided, and reversed. It is hereby ordered, ad-

judged, and decreed that, except that in so far as herein altered, the judgment appealed from is affirmed."

See 119 La. 83, 43 South. 938.

The mandate of this court in that case was sent to the district court in order to have the judgment executed.

After this judgment had been rendered some changes took place, to which we will have occasion to refer hereafter at some length. Ordinances were adopted in order to supply deficiencies which the parties in interest evidently thought could be supplied.

The applicant, meeting with opposition in matter of the execution of the judgment, obtained a rule nisi in June, 1907, to compel H. B. Wheeler, president, and H. B. Daboval, manager, to appear in court in order to have them punished for contempt in accordance with plaintiff's application.

The defendant in the district court answered plaintiff's application to the rule, and in answer averred that it had ceased, in obedience with the decree of this court, to operate its rendering plant, and that the operation of that plant had ceased since May 4, 1907; but they answered that they availed themselves of the ordinance of the board of health adopted on May 17, 1907, promulgated on the 25th day of the same month, and of the ordinance of the police jury (also regularly adopted), and resumed operations of the plant after having complied with said ordinances.

(Copies of these ordinances are before us.)

That they began on the 1st of June of this year to cook fresh tallow on their premises, and that they have been careful not to trench upon any of the rights of plaintiff and to strictly comply with the ordinances of the bodies before mentioned.

The court a qua heard the application, and after having heard the evidence (a copy of which is before us) declined to punish defendant's officers for contempt, and rendered judgment dismissing the rule.

Plaintiff then came to this court and obtained a rule nisi on his application for certiorari and mandamus, directing the defendant judge to show cause why those writs should not be issued and the persons named punished.

The judge of the district court, in answer to this rule nisi, disclaimed all intention in the least of disobeying the decision of this court. He says that he concluded (after the board of health and the police jury had adopted the ordinances before referred to, and to which we will again refer in a moment) that under the terms of the ordinance defendant had the right under the certain stated conditions in the ordinance to operate the tallow works, and for that reason he did not order it closed, and it follows that he did not punish the persons named for contempt.

The preamble of the resolutions adopted by the two boards shows (as stated in the answer), in view of the decision of this court, which we have before cited, and "in view of the petition of property owners residing in the ward and praying for an ordinance such as that which has been adopted," that these boards adopted an ordinance looking to the sanitary conditions and to the comfort of the inhabitants near defendant's plant.

This ordinance sets forth that all rendering and cooking of tallow in rendering factories in the parish "shall be done in closed tanks, and the boilers so constructed as that the gas and vapors escaping therefrom shall be conducted through iron pipes into modern deodorizers." Their floors, it is ordained, shall be water tight so as to drain into an underground sewer and be pumped into the Mississippi river or into the Florida Walk Canal in the manner and at the places stated in the ordinance.

Another section of the ordinance provides how "the cooking shall be done and the gases and odors controlled," and in several

other sections of the ordinance the purpose was to guard against nuisance of any kind. Inspectors were appointed to inspect the plant and to see that it is kept in accordance with the requirements of the ordinance. The ordinance contains other provisions adopted for the purpose of safeguarding the health of the public.

The president and the general manager of the defendant company testified (their testimony is not contradicted) that they obeyed the judgment of the court, and that their plant was shut down until after certain changes had been made in their plant and ordinances adopted and permits issued to defendant to resume work at the tallow rendering plant.

From the foregoing it is evident that the local condition as relates to the alleged nuisance has been changed and that steps have been taken to enable such industries as that owned by the defendant to continue in their operations.

The nuisance existing at the date that the decision before cited was rendered must entirely abate. Res judicata applies to it. That which constituted nuisance has not the least right to remain and vex the public. The decision heretofore handed down must be followed to the letter. Not a thing will be countenanced to which that decision bears application.

In leaving this branch, to wit, res judicata, we desire to have it well understood that it must prevail as relates to past conditions, which the court decided were a nuisance.

But in the interest of all there may come a time, on account of certain changes, that that which was a nuisance is no longer a nuisance. There may be work done and improvement made, so as to render a business entirely safe, wholesome, and in no way offensive.

If, as relates to rendering tallow, the boards have made provisions that have entirely cured the evil which was complained of, it cannot very well be held that defendant's agents should be punished for doing acts which are no longer a nuisance.

Boards of health and police juries are vested with power as relates to public health and public nuisance. If within that power they adopt ordinances, they are entitled to some consideration, provided those ordinances do not come in conflict with the jurisprudence of the country.

We are not of opinion that the ordinances to which we have referred come in conflict with that jurisprudence, as we infer that the purpose was to remedy and make safe and agreeable, and not to oppose any decree which this court has rendered; and in view of that which was done to remedy the nuisance there remains no ground for complaint which can be granted in these proceedings.

We do not propose at this time to pass absolutely upon that point.

An action should be brought in such a way as to test the legality of the ordinance. Mandamus will not lie.

We do not see our way clear to decide, in passing upon the present application, that it is not as now alleged by defendant and as found by the district court.

If res judicata were made to apply to acts subsequent, and were on the ground of res judicata to exclude them from all consideration after judgment, then as relates to nuisance it could never be cured. Once a nuisance, always a nuisance, would be the result, despite the fact that some time after the day of the judgment it ceased to be a nuisance.

The following are views sustained by decisions and text cited:

A continuing nuisance in disregard of a judgment will not be presumed. Gilbert v. Fish Co., 58 L. R. A. 738, 86 Minn. 365, 90 N. W. 767, 91 Am. St. Rep. 376.

There may be a change of conditions. Res

judicata has no application to facts that have arisen subsequent to former adjudication. Eng. & Am. Enc. of Law, vol. 24, p. 777.

The test of identity and consequent application of res judicata is found in the inquiry whether the same evidence will support both actions. Eng. & Am. Enc. of Law, p. 781, vol. 24.

Here it is very evident that it will not.

The facts are not the same. Gilbert v. Book Fish Co., 58 L. R. A. 735, 86 Minn. 365, 90 N. W. 767, 91 Am. St. Rep. 376.

Our own court has passed upon the question and held:

"Dennis v. Gayle, 40 La. Ann. 286, 4 South. 3, affirmed, based on allegation and proof that the essential conditions on which the judgment was based have been changed and lost." Martin v. Walker, 43 La. Ann. 1019, 10 South. 365; Eng. & Am. Enc. of Law, p. 1780, vol. 24.

For reasons stated, the rule nisi is recalled and discharged. Applicant's petition and demand are dismissed.

NICHOLLS, J. I think that the pleadings and the action of the district court apply exclusively to the tallow-rendering part of the defendant's plant; in other words, that no question touching the fertilizer portion of the plant is involved. So understanding, I concur in the decree.