## NATURE OF A DISCHARGE IN BANKRUPTCY.

Court of Appeals for Crawford County.

J. S. MORROW v. JACOB PFLEIDERER ET AL.

Decided, March, 1915.

*Revivor of Judgment—Discharge in Bankruptcy Available in—Conclusiveness of Judgment as to Discharge Under the U. S. Bankruptcy Act as Amended in 1903.*

1. While a discharge in bankruptcy does not extinguish the debt, it does bar the remedy, and may be pleaded in any action or proceeding in which the debt is asserted or is sought to be made the basis of a recovery, including a proceeding to revive a judgment.

2. The record of a judgment is conclusive of its character as a claim, for the purpose of determining whether it is within the exceptions from the bar of a discharge in bankruptcy, provided in Section 17 of the U. S. Bankruptcy Act as amended in 1903; hence, a creditor who seeks a revivor of a judgment rendered on a promissory note can not, upon the interposition of a plea of discharge in bankruptcy, for the purpose of bringing the judgment within said exceptions, under a pleading to that effect dispute or explain the record by proof *aliunde* that the note was given for property obtained by the judgment debtor from such creditor by false and fraudulent representations.

*Crow & Donithen,* for plaintiff in error.
*Beer & Leuthold,* contra.

KINDER, J.; CROW, P. J., and ANSBERRY, J., concur.

This proceeding in error is brought to procure the reversal of a judgment of revivor obtained by the defendants in error against the plaintiff in error by the consideration of the Court of Common Pleas of Crawford County.

Hereafter the defendants in error will be referred to as the plaintiffs, and the plaintiff in error as defendant.

The plaintiffs filed their petition under the statute, alleging the recovery of a judgment by the plaintiff Jacob Pfleiderer against the defendant; the assignment by said plaintiff of an undivided three-fourths interest therein to the other plaintiffs;

that the judgment had become dormant; and prayed a judgment of revivor.

The amended answer of the defendant, J. S. Morrow, alleged that in a proceeding in the District Court of the United States for the Northern District of Ohio, Western Division, in bankruptcy, he was adjudged a bankrupt; that the judgment sought to be revived was, in said proceeding, duly scheduled, proven and allowed; and that in said proceeding upon his petition it was duly adjudged that he, the said J. S. Morrow, was entitled to discharge from all his debts, including the judgment sought to be revived; and that a certificate of discharge in bankruptcy was duly issued to him.

The plaintiffs, by way of reply to the amended answer, averred that the judgment sought to be revived was secured on a debt which arose and was created by the transfer by the plaintiffs of certain of their personal property to the said J. S. Morrow by reason of certain false and fraudulent pretenses and representations, knowingly and wilfully made by the said defendant to the plaintiffs, relative to the amount of real and personal property then owned and possessed by the said Morrow for the purpose of obtaining credit, which fraudulent representations are set forth in detail in said reply.

Wherefore they further aver that the said debt was not discharged, but is still a valid and subsisting liability of the said J. S. Morrow.

On these issues the case was tried and submitted to the court, and resulted in a judgment of revivor as prayed for in the petition.

Two grounds of error are set forth in the motion for new trial, which was overruled, and in the petition in error it is claimed:

First, that the judgment of revivor is not supported by, and is contrary to, the evidence.

Second, that the judgment is contrary to law.

At the trial, the plaintiffs offered a complete record of the case in which the judgment sought to be revived was entered,

together with the assignment of a three-fourths interest therein
to the plaintiffs other than Jacob Pfleiderer.

The defendant, J. C. Morrow, offered in evidence a certified
copy of his discharge in bankruptcy. And thereupon, without
objection by the defendant, the plaintiffs offered evidence tend-
ing to support the averments of the reply touching the sale of
certain property by the plaintiffs to the defendant, J. S. Morrow;
and that said J. S. Morrow made certain representations touch-
ing property owned by him at the date of such sale, to obtain
credit from the plaintiffs; that such statements were false and
fraudulent; that the said J. S. Morrow was at the time an infant
and executed his promissory note for such property then by him
so purchased; and that afterwards, and before the maturity of
said note, the said defendant became of age and married, and
when said note became due, the note upon which the judgment
sought to be revived was taken was executed by the said J. S.
Morrow, his wife, Jessie Morrow, joining with him therein.

The questions presented by the record and in the briefs in this
case are:

First, is a plea of discharge in bankruptcy available in a pro-
ceeding to revive a judgment? And,

Second, are the plaintiffs entitled to a revivor of the judg-
ment notwithstanding the defendant's discharge in bankruptcy?

This involves a consideration of Section 17 of the United
States Bankruptcy Act of 1898 as amended in 1903, which, so
far as it affects the case at bar, provides that:

"A discharge in bankruptcy shall release a bankrupt from all
his provable debts except such as are   *   *   *   (2) liabilities
for obtaining property by false pretenses or false representa-
tions," etc.

That a plea of discharge is available as a bar in a proceeding
to revive a judgment has been repeatedly decided by the courts
of other states and was recognized in our state in *Newshuler*
v. *Maule*, 10 C. C., 232.

The record of the case in which the judgment sought to be
revived was rendered, discloses that the action was upon a

promissory note with a warrant of attorney annexed, with no hint of fraud or false representations upon the part of the defendant contained in the petition; and that the judgment was entered by confession, as authorized by said warrant of attorney.

Is the record of the judgment conclusive of the character of the claim upon which such judgment is based for the purpose of determining whether it is within the exceptions from discharge in bankruptcy provided by Section 17 of the United States Bankruptcy Act as amended in 1903? Or,

May a creditor, as was done in this case, upon a plea of discharge in bankruptcy for the purpose of bringing the claim within such exceptions, by pleading to that effect, dispute or explain the record by proof that the note was given for property obtained by the judgment debtor from such creditor by false and fraudulent representations?                    (

The first of these questions must be answered in the affirmative and the latter in the negative.

These questions have been raised and determined under each of the U. S. Bankruptcy Acts of 1867 and 1898 and under the amendment of 1903.

The decisions are numerous and a few only will be cited.

In the case of *Forsyth* v. *Vehmeyer*, decided by the Supreme Court of Illinois, 52 Northeastern Rep., 55, it was held that the question whether a judgment sought to be enforced against a discharged bankrupt was rendered for fraud committed by the defendant must be determined by the court from the record; that said judgment was conclusive and that evidence would not be received to dispute the record.

This case was affirmed by the United States Supreme Court, 177 U. S., 177.

To the same effect is the case of *Hargadine-M'Kittrick Company* v. *Hudson*, 111 Federal, 361, which was affirmed in 122 Federal, 232.

In the case of *Harrington & Goodman* v. *Herman*, 72 Southwestern, 546, which, like the case at bar, was an action to revive a judgment rendered upon promissory notes, the Supreme Court of Missouri held that the record of the judgment was con-

clusive and that a judgment creditor could not, by reply to an answer averring discharge in bankruptcy, and evidence offered thereunder, go behind the judgment and prove that the claim upon which the judgment was based was in fact for fraud and misrepresentation.

The foregoing authorities are all either under the act of 1867 or the act of 1898, prior to the amendment of 1903.

It is insisted by the defendants in error that under the amendment of 1903 there is such a radical change in the statute as to make these cases inapplicable; and in support thereof our attention is called to the case of *Thompson* v. *Judy,* 22 American Bankruptcy Reports, 154, and the case of *Peters* v. *United States, ex rel Kelly,* 24 American Bankruptcy Reports, 206.

The question under consideration in the case of *Thompson* v. *Judy* was, whether after the change by the amendment of 1903 in the language of the statute from "judgments in actions for fraud or for obtaining property by false pretenses or false representations" to the language of the amendment "liabilities for obtaining property by false pretenses or false representations," a judgment for fraud was still within the operation of Section 17 making the exception, and the court in that case held, that the merger of the claim in a judgment did not destroy the character of the claim as one for fraud, but that looking to the record, the court would ascertain whether the claim represented by the judgment was in fact a liability of the character indicated under the amendment of 1903 as exempt from discharge.

The case of *Peters* v. *United States, ex rel Kelly,* also a case under the amendment of 1903, reversed the case of *United States, ex rel Kelly,* v. *Peters,* reported in 22 American Bankruptcy Reports, at page 177, in which case the court received evidence touching the merits of the original case, to dispute the record of the judgment, and held that the case was not within the exception as provided in the amended act of 1903.

The reviewing court, in substance, held that this was improper, and, looking to the record of the judgment alone, decided that the judgment there under review was within the exception.

In this case it was found that the trial court was in error for two reasons:

First, that it could not, under a habeas corpus proceeding, review the judgment either as to errors or upon its merits; and,

Second, that the judgment of the court under consideration was conclusive.

Attention is also called to the case of *Strauch* v. *Flynn,* reported in the 22 American Bankruptcy Reports, 246, s. c., 122 Northwestern Reporter, 320, in which it is held by the Supreme Court of Minnesota that in an action upon a promissory note in which a discharge in bankruptcy is plead, the plaintiff could not, by reply, and evidence thereunder, show that the money was loaned on a promissory note by reason of the false representations of the party executing the note and so bring the claim within the exceptions under the amendment of 1903.

This, of course, is aside from the question of the conclusiveness of the judgment.

The judgment of the court of common pleas is contrary to law and reversed as to the plaintiff in error, J. S. Morrow.