PROVOSTY, J.
In August, 1916, Gullo & Viso leased a house to Clara Campbell for the purposes of prostitution in the restricted district of the city of Shreveport, for a term of three years, at $80 a month, payable monthly. In August, 1917, Gullo & Viso obtained a judgment against Clara Campbell, condemning her to pay the then accrued part of this rent and the future installments as they should accrue, and perpetuating a writ of provisional seizure of her furniture for the entire debt. In November, 1917, the city of Shreveport abolished the restricted district, and made it a crime to keep a house of prostitution in said city. Clara Campbell brings the present suit to annul said lease and vacate said judgment, on the ground that the said lease became null when the purpose for which it was made became criminal, and that said judgment became null when the consideration of the debt which it enforced became criminal, and also on the ground that she was a married woman at the time the lease was entered into, and that therefore the debt was a debt of the community of acquits, and gains existing between her and her husband, and not her own. She alleges that she is no. longer a married woman, and does not allege that she had not already ceased to be such at the time the suit against her was filed and, the judgment against her was rendered.
[1] In the absence of an allegation that she was a married woman at the time the-suit against her was filed, the judgment condemning her to pay the debt is final of the-issue of the debt having been hers; and the-ruling of the trial court in the present suit, sustaining an exception of no cause of action and dismissing the suit, was therefore-correct in so far as that ground is concerned.
[2] It was also correct in so far as the demand for the annulment of the lease is concerned. We do not agree with the decision in Lyman v. Townsend, 24 La. Ann. 625, holding that the lease of a house for purposes of prostitution may be enforced. It stands isolated in the broad field of jurisprudence. 16 R. O. L. 570, 571; 24 Cyc. 908; 8 Ann. Cas. 181, note; Fuzier-Herman, Rep. du Droit Francais, vo. Prostitution, No. 124. The court considered that because prostitution was not malum prohibitum a lease for purposes of prostitution was enforceable, losing sight, as we think, of the fact that prostitution is malum in se; and that by article 1892 of the Code, “all contracts having an immoral object are void.” A court of .justice will neither enforce nor annul an immoral contract. It will have nothing to do with it; will leave the parties where they by their immoral contract have placed themselves. Lyman v. Townsend overruled a prior decision (Kathman v. Walters, 22 La. Ann. 54), where the view which we now take had prevailed, in fact, without discussion, as if as a matter of course.
[3,4] After judgment has been rendered for a debt it is too late to be questioning the morality of its consideration. All issues that might have been raised in defense to a suit in which judgment has been rendered are *1085 forever foreclosed by the judgment. Res judicata which, as has been said, can make black white and the crooked straight can, and does, purge the debt of all impurities. Therefore in this case, were the demand for vacation of judgment founded upon the immorality of the lease contract, it would be foreclosed by the judgment sought to be vacated; for this immorality could have been pleaded in defense to the suit. But that demand is founded upon something that has happened since the judgment was rendered, which, therefore, could not possibly have been pleaded in defense to the suit, to wit, that since the' judgment was rendered the keeping of a house of prostitution in the city of Shreveport has been made a crime.
“The estoppel of a judgment extends only to the facts as they were at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined, and, when new facts intervene before the second suit, furnishing a new basis for the claims and defenses of the parties, respectively, the issues are no longer the same, and consequently the former judgment cannot be pleaded in bai\” 23 Cyc. 1161; Martin v. Walker, 43 La. Ann. 1019, 10 South. 365, and cases there cited; Perrin v. Crescent City Stockyard, 119 La. 873, 44 South. 513.
[5] We have considered whether the original debt had not become so merged in the judgment that the judgment itself had become the debt in such way that the debt would no longer be one for rent, or for the rent of a house for the purposes of prostitution, but simply and purely a judgment debt; and we have concluded that, while this might be so in so far as the judgment was absolute •and executory, it was not so in so far as the judgment was to operate in the future as a continuing judgment, and therefore was not absolute, hut necessarily conditional upon a continuation of the condition of things upon which it was based. The debt was ordered to be paid only as it should accrue, and, necessarily should not be paid if for any reason it should not accrue. The principle involved is the one which, as applicable to contracts, is embodied in article 1899 of the Code, reading:
“But if the contract consists of several successive obligations to be performed at different times, and the equivalent is not given in advance for the whole, but is either expressly or impliedly promised to be given at future periods, then, if the cause of the contract, corresponding to either of the successive obligations, should fail, the obligation depending on it will cease also. Thus in leases for years the obligation to pay the yearly rent ceases if the property which is leased should be destroyed.”
That the courts will not lend their aid towards the enforcement of a lease for a purpose forbidden by a city ordinance, see Milne v. Davidson, 5 Mart. (N. S.) 409, 16 Am. Dec. 189. In fact, citation of authority is not necessary in support of the proposition that courts will not lend their aid to enforce a contract having for its purpose the commission of a crime. It appearing, then, that from and after the date of the going into effect of the said ordinance of the city of Shreveport making the keeping of a house of prostitution in said city a crime, the said judgment became one enforcing the payment of a debt, the consideration of which was a contract entered into for the purpose of violating said ordinance and thereby committing a crime, the said judgment, in so far as it enforces the payment of rent accruing from and after that date, became one which the courts will not uphold, and which therefore will have to be vacated.
The judgment appealed from is therefore affirmed in so far as it sustained the exception of no cause of action to all the demands of plaintiff’s petition, except that, for vacation of judgment in so far as the judgment in question enforces the payment of the rent in question to accrue from and after the going into effect of the ordinance of the city of Shreveport making it a crime to keep a house of prostitution in said city. As to the latter demand the said judgment is set aside, and the exception of no cause of action is overruled, and the case is remanded, to be proceeded with according to law.