BRUNOT, J.
 

 The plaintiff is the widow of O. G. Langston, who died intestate in 1923, leaving his surviving spouse and eight minor children, and an estate consisting of 83% acres of land and some personal property.
 

 In 1921 Mr. Langston made a dation en payment, of all the property he then possessed, to the plaintiff. His creditors, viz., Oliver H. Thompson, James A. Dean, and R. D. Cox, filed separate suits against him for the amount of their respective claims, and, in each of these cases, there was judgment for the plaintiff. The three judgment creditors then filed separate suits against Mr. and Mrs. Langston for the rescission of the dation en payment, basing these suits upon the ground that the donation was a simulation, made in fraud of the donor’s creditors. In these suits the plaintiffs were successful and the donation was avoided and set aside.
 

 After the death of Mr. Langston, the defendant, R. D. Cox, one of the judgment creditors of the deceased, applied for and was appointed and qualified as administrator of his succession. An inventory of the estate was made, and it appears that it consisted of 83% acres of land, valued at $800, and personal property valued at $100. The administrator procured an order of court authorizing the sale of the 83% acres of land, to pay debts. The property was advertised accordingly, but, pending the sale, this suit was filed, in which the plaintiff claims the property as a homestead. The prayer of the petition is for a preliminary injunction restraining the sale pending a hearing on the merits, and, finally, for a judgment perpetuating the preliminary injunction and decreeing the property to be the plaintiff’s homestead and not subject to seizure. The court issued a rule nisi, and, after a hearing thereon, it rendered judgment making the rule absolute and granting the plaintiff a preliminary injunction as prayed for in her petition.
 

 In the answer to the suit the defendant denies that the property involved is subject to the homestead, for the reason that the homestead claim was not pleaded in either of the suits attacking the dation en payment, mentioned supra, and, therefore, the judgments in .said suits are res adjudicata, and judicially estop her from now asserting such a claim.
 

 The case was tried on the issues stated, and, from a judgment recognizing the plaintiff’s homestead claim and perpetuating the preliminary injunction, the defendant appealed. The plaintiff has answered the appeal, tout the answer merely asks for an affirmance of the judgment.
 

 The admitted facts are that the plaintiff is the widow of G. G. Langston, deceased; that the children named in the petition are the issue of their marriage; that all of the children are minors; that they live with the plaintiff and are dependent upon her for support; that for several years prior to the death of C. G. Langston, the plaintiff, the deceased, and their children lived on the land involved in this suit; that the property shown on the inventory of the estate, and valued at $900, is all of the property that G. G. Langston owned at the time of his death; and that plaintiff, as the beneficiary named in a policy of insurance upon the life of the deceased, which was in force at the time of his death, received $1,000 from that source.
 

 It is shown, by the record, that when C. G. Langston died the plaintiff owned nothing except her interest in the community of acquets
 
 *927
 
 and gains existing between them, and that the community was insolvent. It is also shown that plaintiff and her children now reside upon the property she claims as a homestead, that she has no other home, and that she has continuously resided thereon since the death of her husband.
 

 In order that a judgment may be successfully pleaded as res adjudicata, the parties and issues in both suits must be the same. In the case of Campbell v. Gullo, 142 La. 1082, 78 So. 124, 125, L. R. A. 1918D, 251, this court quoted with approval the fallowing:
 

 “The estoppel of a judgment extends only to the facts as they were at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined, and, when new facts intervene before the second suit, furnishing a new basis for the claims and defenses of the-parties, respectively, the issues are no longer the same, and consequently the former judgment cannot be pleaded in bar.”
 

 This is the rule announced in 23 Cyc. 1161, and followed in Martin v. Walker, 43 La. Ann. 1019, 10 So. 365; and Perrin v. Crescent City Stockyard, 119 La. 873, 44 So. 513.
 

 The judgments now pleaded by defendant as res adjudicata were rendered against C. G. Langston and the plaintiff, during the life of the former, and while he was master of the community and the head of the family. At that time the plaintiff was a dependent. Her right to claim or waive the homestead only came into existence upon the death of her husband. It is clear, therefore, that, between the date of the judgments relied upon by defendant and the filing of this suit, new facts intervened which radically changed the plaintiff’s status and conferred upon her legal rights which did not exist prior thereto.
 

 Section 1, art. 11, Constitution of 1921, contains the following provisions:
 

 “There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him * * *, to the value of two thousand dollars. * * *
 

 “The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary.”
 

 Section 2 of the cited article provides that the homestead exemption does not apply to debts due for the purchase price of property; for labor, money, and materials furnished in building or repairing or in improving homesteads ; for liabilities incurred by a public officer, fiduciary, or attorney at law, for money collected or received on deposit; for taxes or assessments; or for rent bearing a privilege upon the property. None of the debts which are excepted from the operation of the homestead exemption are involved in this suit.
 

 Inasmuch as the value of the estate is only $900, the receipt by the plaintiff of life insurance to the amount of $1,000 is of no consequence, but, in the case of Smith v. Jenkins, 147 La. 437, 85 So. 68, this court held that the collection by the surviving spouse of $2,500 insurance upon the life of her deceased husband did not affect her right to claim the homestead.
 

 For the reasons stated, we find that the judgment appealed from is correct, and it is therefore affirmed at appellant’s cost.