**ÆTNA CASUALTY & SURETY CO. v. SENTILLES.**
**No. 1433.**

Court of Appeal of Louisiana.
First Circuit.

March 25, 1935.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellant.

Borron, Owen & Borron, of Plaquemine, for appellee.

LE BLANC, Judge.

In 1929, plaintiff company brought suit against defendant for $1,200 on a promissory note, with interest, alleging for value received and which was annexed to the petition.

In January, 1930, judgment was rendered by the district judge in favor of plaintiff for the amount claimed.

In December, 1933, a writ of fieri facias was issued on the judgment ordering the sheriff to seize all the property real and personal, rights and credits of R. F. Sentilles, defendant.

In answer to interrogatories propounded to it, the A. Wilbert's Sons Lumber & Shingle Company admitted that defendant, R. F. Sentilles, was in their employ at a salary of $150 per month.

On a rule taken by plaintiff against A. Wilbert's Sons Lumber & Shingle Company, as garnishee, the court rendered judgment against that company ordering it to pay plaintiff 20 per cent. on the salary it was paying to Sentilles, until plaintiff's judgment was fully paid.

The garnishee having refused to pay the plaintiff's judgment as ordered by the court, not knowing who was legally entitled thereto, Sentilles took out a rule on the Wilbert's Sons Lumber Company, garnishee, to show cause why the judgment rendered in favor of plaintiff, the Ætna Casualty & Surety Company, against Sentilles, on January 20, 1930; also, the judgment rendered in favor of plaintiff against A. Wilbert's Sons Lumber and Shingle Company, garnishee, on February 14, 1934, should not be ordered canceled and set aside.

This rule for the canceling of these judgments was sued out by Sentilles on the allegations supported by the record which are, that, in his application filed in the United States District Court for the Eastern District of Louisiana to be adjudicated a bankrupt, he had included in his schedule of indebtedness the judgment, hereinabove referred to, in favor of plaintiff, the Ætna Casualty Company; that on the 22d day of February, 1934, he had been formally adjudicated a bankrupt by said court and had on the 19th day of May, 1934, been formally discharged in bankruptcy. He therefore avers that by his discharge in bankruptcy he is relieved from all claims which existed against him on the 22d day of February, 1934.

The Ætna Casualty & Surety Company, defendant in the rule obtained by Sentilles for the cancellation of the judgments against him, as hereinabove stated, answered the rule by averring that it had issued a bond for the protection of the Consolidated Companies, Inc., against fraud, embezzlement, or misappropriation of funds on the part of Sentilles, who was cashier, salesman, and bookkeeper for the St. Martin Wholesale Grocery Company, branch of the Consolidated Companies, Inc., that Sentilles notified the Consolidated Companies, Inc., of having misappropriated $1,200 of their funds, for which the defendant company had to account under its bond.

The Ætna Casualty & Surety Company, defendant, therefore avers in its answer to the rule, that the debt due to it by Sentilles is not dischargeable in bankruptcy on the ground, "first, that this is a debt created by fraud, embezzlement, misappropriation or defalcations while acting as an officer or in any fiduciary capacity; second, that it is a willful and malicious conversion of funds."

In July, 1934, on the trial of the rule for the cancellation of the judgment, the Ætna Casualty & Surety Company, defendant in rule, called R. F. Sentilles for cross-examination under the provisions of Act No. 126 of 1908, and propounded to him the following question through Mr. Adams, counsel for defendant in rule, quoting: "Mr. Sentilles did you embezzle or misappropriate $1200.-00 of the funds of the Consolidated Com-

panies, Inc., for whom you were working in the months prior to June 28, 1926?"

Four objections were interposed by counsel for Sentilles, plaintiff in rule, to the admissibility of that evidence.

The district judge, in maintaining the objection, said that after a careful examination of the authorities he had reached the conclusion that "objection No. 1 is well founded and same is therefore sustained." "I think," says the court, "that this ruling is supported by the overwhelming weight of authorities which appears to be to the effect that in cases of this character, when suits have been brought on an obligation and same has been reduced to judgment, the character of the obligation and the question whether same is dischargeable in bankruptcy must be determined from the entire record of the suit, but that no evidence is admissible to contradict or to go behind or beyond the entire record of the suit. A strong decision on this point will be found in Harrington & Goodman v. Herman, 172 Mo. 344, 72 S. W. 546, 549, 60 L. R. A. 885, which is affirmed in Lippincott, etc., Co. v. Herman, 179 Mo. 350, 78 S. W. 1132."

The position of the court is fully sustained by the ruling in the case of Harrington & Goodman v. Herman, referred to by the district judge.

In that case, the court said: "Even under the strong provisions of the act of 1867, we are of the opinion that the plaintiffs are not entitled to go behind the judgment and the pleadings to show that the debt upon which the judgment was based was fraudulently incurred."

In 7 Corpus Juris, Bankruptcy, par. 717, page 404, the rule is stated, as follows: "Where the judgment recites that the cause of action was based on an account, the judgment creditor cannot go behind the judgment and prove that the action out of which it arose was fraudulent so as to avoid the effect of a discharge."

▮ In this case the judgment was obtained on a contract, a promissory note executed by Sentilles in favor of the Ætna Casualty Company alleged by it to have been given for value received. In the judgment it is stated that it is rendered in favor of the casualty company for the amount claimed "after hearing the pleadings and the evidence," which must have been in proof of the value received by the Ætna Casualty & Surety Company.

The evidence which was excluded by the court was offered evidently for the purpose of showing that the debt incurred by Sentilles was for an embezzlement or misappropriation of funds. This testimony, if it had been admitted, would not only have gone beyond the record, but would have been contrary to the pleadings and the testimony heard as declared in the judgment rendered in the case against Sentilles, defendant.

Such testimony is not permissible under the ruling in the cases cited by the district court and in many other decisions, among which are the following: In re Burchfield (D. C.) 31 F.(2d) 118; Morrow v. Pfleiderer, 4 Ohio App. 283, where the court held, in part: "That the record of the judgment is conclusive of the character of the claim upon which it is based."

Our court said, in Campbell v. Gullo, 142 La. 1082, 78 So. 124, 125, L. R. A. 1918D, 251, that, "after judgment has been rendered for a debt it is too late to be questioning the morality of its consideration. All issues that might have been raised in defense to a suit in which judgment has been rendered are forever foreclosed by the judgment."

In the case of Harrington & Goodman v. Herman, above referred to, involving the discharge of a bankrupt, the court said that the doctrine was clearly announced, that the "recovery of a judgment upon a contract induced by fraud is a waiver of the fraud, and the judgment is not a debt created by fraud, within the meaning of the bankrupt law act, and the plea of a discharge in bankruptcy is a good defense to an action of debt founded upon said judgment."

In that case the court did not say as was said in Campbell v. Gullo, 142 La. 1082, 78 So. 124, L. R. A. 1918D, 251, above cited, that the debt "was purged of all impurities" by the judgment. It held however that the fraud was waived and that the plea of a discharge in bankruptcy was effective.

Counsel for plaintiff admits that there is some conflict "among the authorities" on the question involved in the case, but thinks the weight of jurisprudence favors his contentions. We think otherwise and therefore hold that the lower court correctly rendered judgment canceling and setting aside the judgment rendered in favor of the Ætna Casualty & Surety Company against R. F. Sentilles; also canceling the judgment rendered in favor of the Ætna Casualty & Surety Company against A. Wilbert's Sons Lumber & Shingle Company, garnishee.

The judgment appealed from is therefore affirmed, with costs.