188 So.2d 739 (1966)
Lillian Gions PRYOR, Plaintiff-Appellant,
v.
Sam GIONS et al., Defendant-Appellee.
No. 10627.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1966.
L. G. Campbell, Bossier City, for appellant.
Louis Lyons, Bossier City, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
This is an action of nullity directed against (1) a judgment recognizing plaintiff, Lillian Gions Pryor, and defendant, Sam Gions, as the owners in equal proportions of a described lot and improvements thereon situated in the Dillard Place Subdivision of Bossier City, Louisiana, and (2) a judgment ordering the sale of the aforesaid property in order to effect a partition. In addition, plaintiff attacked a sale of the property pursuant to the latter judgment as null and void, and asserted ownership of the property in its entirety.
Made defendants in addition to Sam Gions were Louis Lyons, purchaser of the property, and the sheriff of Bossier Parish, Louisiana, who, as auctioneer, sold the property. From an adverse judgment, plaintiff prosecutes a devolutive appeal.
Prerequisite to an appreciation of the issues as they are resolved is a brief resume of the facts. Under a judgment of May 29, 1963, in the matter of the Succession of George and Gertrude Gions, plaintiff herein, Lillian Gions Pryor, as a sister of George Gions, was recognized as his sole heir and was accordingly placed in possession as owner of his estate, including the lot and the improvements thereon now concerned in this proceeding. Thereafter, on June 6, 1964, pursuant to a proceeding instituted by the present defendant, Sam Gions, directed against the plaintiff herein, the *740 judgment recognizing plaintiff, Lillian Gions Pryor, as the sole and only heir of George Gions, and decreeing her the owner of his estate, was annulled. This judgment further recognized plaintiff, Lillian Gions Pryor, and defendant, Sam Gions, as sister and brother, respectively, of George Gions, as his sole heirs, and, as such heirs, the owners of his estate in equal proportions. Following this latter judgment, Sam Gions instituted an action against Lillian Gions Pryor for a partition of the aforesaid property, which culminated in a judgment of November 20, 1964, ordering the sale of the property at public auction. The sale was accordingly held January 20, 1965, at which Lyons became the purchaser of the property for the sum of $1,500.
The record further discloses that in each of the proceedings in which the judgments are attacked, plaintiff herein, Lillian Gions Pryor, was made a party defendant and that she was duly served and notified of the pendency of those actions. Her complaint, however, is not directed toward a failure of compliance with any of the legal formalities prerequisite to the rendition of a valid judgment. Her complaint is that her attorney made no appearance for her in these proceedings and thus allowed judgments to be rendered against her by default.
The fact established by the evidence in the record is that plaintiff employed an attorney to represent her in the initial proceeding, wherein she was sent and placed in possession of the property of the aforesaid succession as owner pursuant to her claim that she was the sole and only heir. However, she did not employ or engage the services of an attorney to represent her in either of the subsequent proceedings. The attorney's testimony in this regard is very positive. There is no showing that plaintiff was misled by her former attorney; in fact, she never consulted him. There is, therefore, no basis for the contention that she employed an attorney to represent her in the latter two proceedings and that he failed to properly represent her.
Plaintiff, however, further contends that the defendant misled the court in obtaining the aforesaid judgments by failing to inform the court of certain facts as to the marriage of plaintiff's and defendant's mother, Elvira Lewis, to West Gions, from which, it is contended, it would have been established that Sam Gions was not a lawful descendant of the marriage of their aforesaid parents, and that, by reason thereof, he could not have inherited from George Gions who, as well as plaintiff, Lillian Gions Pryor, was a lawful child of the aforesaid marriage.
While the law is clear that "A final judgment obtained by fraud or ill practices may be annulled" (LSA-C.C.P. Art. 2004), the rule is well settled that he who seeks to have a judgment against him set aside must allege and prove that he had good reasons for his failure to appear and timely plead. In other words, he must allege and prove facts which would excuse his failure to plead any defense that he might have had. Thus, as pointed out in De Frances v. Gauthier, 220 La. 145, 55 So.2d 896, 897 (1951),
"When the trial judge had refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion for a new trial that he has a meritorious defense to the merits, unless the defendant has shown to the trial judge a good excuse for his failure to appear to defend the suit."
See: Cutrer v. Cutrer, 169 So. 807, La.App., 1st Cir. 1936.
Under a similar state of facts in Raphiel v. Louisiana Ry. & Nav. Co., 155 La. 590, 99 So. 459, 461 (1920), where service, with a copy of plaintiff's petition and citation, was admitted, the observation was made:
"This being conceded, there is no principle in law or equity by which a judgment otherwise legally valid, and rendered upon *741 confirmation of a default predicated upon such service, can be set aside in order to afford the defendant an opportunity to make a defense which, notwithstanding the affidavits annexed to the motion, it failed to make within the legal delays. No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice."
Appropriate, also, is an observation made by the court in Campbell v. Gullo, 142 La. 1082, 78 So. 124, 125 L.R.A.1918D, 251 (1918):
"After judgment has been rendered for a debt it is too late to be questioning the morality of its consideration. All issues that might have been raised in defense to a suit in which judgment has been rendered are forever foreclosed by the judgment. Res judicata which, as has been said, can make black white and the crooked straight can, and does, purge the debt of all impurities. Therefore in this case, were the demand for vacation of judgment founded upon the immorality of the lease contract, it would be foreclosed by the judgment sought to be vacated; for this immorality could have been pleaded in defense to the suit."
In sustaining an exception of no cause and of no right of action urged in an action to nullify a judgment alleged to have been obtained by fraud and ill practice, the court, in Moss v. Drost, 130 La. 285, 286, 57 So. 929, 930 (1912), in dismissing the suit, gave, as one of its reasons, the following:
"Another objection which plaintiffs have failed to meet is that they have not alleged that they discovered that the two tracts were not adjacent to each other since the former suit was instituted. Plaintiffs have not been sufficiently diligent to enable them to maintain this action. Want of due diligence is fatal to the right to reopen issues settled by a judgment. This principle was laid down in each of the following decisions: Norris v. Fristoe, Administrator, 3 La.Ann. 646; Lanfear v. Mestier, 18 La.Ann. 497, 89 Am.Dec. 658; Perry v. Rue, 31 La.Ann. 288 [should be 287]."
See, also, Scruggs v. Butler Furniture Co., 104 So.2d 178, La.App., 1st Cir. 1958, and the authorities therein cited.
In the instant case, plaintiff has failed to establish any good reason or cause which would explain or excuse her failure to timely appear and plead to the suits in which the judgments were rendered and which she now attacks. She had the opportunity to present all her grounds of defense to these actions in the former suits. Thus, as stated, if there were any cause preventing her from making a defense at that time, it is not here established.
For the reasons assigned, the judgment appealed is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.