PRICE, Judge.
P. A. Hunt, Sr., a Texas resident, brought this suit to nullify a 1975 default judgment obtained against him by Danny Walker. The trial court sustained an exception of no cause of action filed by Walker, and Hunt perfected this appeal. The judgment is affirmed for the reasons hereafter given.
Hunt initially alleged the judgment was procured by fraud and ill practice, and in supplemental pleadings, alleges his failure to appear at the trial was due to the advice *63 of a Texas attorney who told him that a valid judgment could not be entered against him in Louisiana.
A default judgment cannot be nullified for fraud or ill practice when the moving party does not have a valid excuse for failure to present his defenses at the original trial. See Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir. 1967).
The jurisprudence has permitted the action of nullity in instances where a party has actually engaged or believes he has engaged an attorney who failed to defend and allowed judgment to be taken by default. Pryor v. Gions, 188 So.2d 739 (La.App. 2nd Cir. 1966); Bell v. Holderaft, 196 So. 379 (La.App. 2nd Cir. 1940).
Plaintiff has not alleged he either engaged or thought he engaged an attorney. He alleges only that on advice of an attorney in Texas he did not feel it necessary to defend the action against him in Louisiana. Such a circumstance does not excuse his failure to appear and does not create an unfair or unconscionable result.
The judgment is affirmed at appellant’s costs.