No. 934

First Circuit

———

SONNIER v. SONNIER

———

(March 8, 1932. Opinion and Decree.)

———

See also 14 La. App. 588, 130 So. 133.

Voorhies & Labbe, of Lafayette, attorneys for plaintiff, appellee.

Xavier Mouton, of Lafayette, attorney for defendant, appellant.

LeBLANC, J. Elie Sonnier, who is plaintiff in the present proceeding, appeals from a judgment dismissing his suit on an exception of no cause of action.

This litigation dates back to the year 1916, and has been before this court on at least two previous occasions. In the original suit, Amedee Sonnier obtained a judgment against Elie Sonnier and Marcel Sonnier, ordering them to remove certain levees and other obstructions placed by them on their respective lands, which interfered with the natural drainage of his land. An injunction restraining them from placing other obstructions was made perpetual. Upon the judgment having become final, the sheriff executed its provisions by removing the obstructions complained of.

During the year 1927, Elie Sonnier who in the meantime had become the owner of Marcel Sonnier's land, was ruled into court for an alleged violation of the injunction, and, for the purpose of passing on the rule, the court appointed E. J. Lacour, civil engineer and surveyor, in his capacity as such, and ordered that he take the levels and make a survey of the properties, with a view of ascertaining whether or not the obstructions impeded the natural drainage of Amedee Sonnier's land.

On June 15, 1929, as shown by the record, a compromise judgment was rendered on the rule under the terms of which the defendant, Elie Sonnier, was ordered to remove the obstructions he had erected, the work of removing them having to be done under the supervision of Lacour, the engineer who had been already appointed by the court.

The purpose of the present proceeding is to have this compromise or consent judgment annulled, on the grounds (1) that the complainant, Elie Sonnier, was led into error and mistake in entering into said compromise under which the judgment was rendered, by the report of E. J. Lacour, civil engineer and surveyor, and (2) that the enforcement of said judgment would be unconscionable and inequitable.

The contention made is that, the judgment attacked being a consent judgment, it amounts to no more than a contract between the parties, and should be construed in the same manner as any other contract, and, as contracts can be set aside on the grounds complained of, the judgment likewise can be annulled.

In support of his contention, counsel for Elie Sonnier refers to 34 C. J. p. 133, sec. 337, on the subject of the Construction and Operation of Consent Judgments. But, whilst the paragraph of the section from which he quotes is to the effect contended for by him, the heading of the section indicates clearly that this is only a general statement. This is fully borne out by the paragraph which follows, and which deals with the construction of such judgments, "As a judgment," and there we read:

"But at the same time, as it has the sanction of the Court, and is entered as its determination of the controversy, it has the same force and effect as any other judgment, and in the absence of fraud or mistake, is valid and binding, as such, as between the parties thereo * * * unless it is vacated or set aside in that manner provided for by law. * * *"

Further on, in the same volume, page 419, sec. 670, on the same subject of consent judgments, under the heading "Grounds for opening and vacating" it is stated:

"A judgment by consent will not be opened or vacated in the absence of adequate grounds therefor and generally not unless a meritorious defense is shown, in accordance with the rules governing the opening and vacating of judgments generally."

Among the cases cited is Dunn v. Pipes, 20 La. Ann. 276, which is in point.

The provisions of our law dealing with the annulment or vacating of judgments are to be found in articles 605, 606, and 607 of the Code of Practice. The causes which give rise to an action for nullity are twofold; those pertaining to the form of the proceeding (with which we are not here concerned) and those which go to the merits of the question tried. With regard to the latter, with which this action deals, we have to be guided by article 607, which provides as follows:

"A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment."

Whilst the causes enumerated are not exclusive or restrictive, as has frequently been held by the Supreme Court, we think that they fairly represent a type of cases in which more is demanded than the mere error or mistake complained of in the proceeding before us. Before enumerating those causes as examples, the article specifically provides that it must be in cases where it appears that the judgment was obtained "through fraud or other ill-practices on the part of the party in whose favor it was rendered."

Aside from the complaint here being only one of having been led into error or mistake, which, of itself, certainly does not constitute "fraud or other ill-practices," the petition seems to be further fatally defective in that the charge made is not levelled against "the party in whose favor the judgment was rendered" as seems necessary under the article of the Code, but against the civil engineer appointed by the court, and who, by virtue of that appointment, was an officer of the court, acting under its orders, and not under the orders of the party in whose favor the judgment was rendered.

The second ground on which the nullity is sought is easily disposed of. It is alleged that the enforcement of the judgment would be unconscionable and inequitable, but no facts are stated, on which it could be so shown. Standing as it does, the allegation presents merely a legal conclusion on the part of the pleader, which, of itself, is not sufficient to support a cause of action.

The judgment below correctly sustained the exception and dismissed the proceeding, and it is accordingly affirmed.