SIMON, Justice.
Elizabeth Kippers died on May 2, 1930. Her succession was opened on December 20’, 1948, by her surviving spouse, Howard Cole,' who filed a petition seeking letters of administration therefor. Accordingly, after full compliance with law, the administrator was appointed and qualified, and an' inventory was taken and in due course homologated. During the course of his administration, the administrator, alleging the existence of privileged and ordinary debts requiring immediate payment, sought authority from the court to sell an undivided interest of one piece of property; and an order of sale was issued, all according to law. The said property was sold on April 21, 1949, to Howard F. Cole, one of the heirs and alleged creditor of the estate. Thereafter, the administrator filed and advertised his final account, which was duly homologated on August 31, 1949.
On September 14, 1949, a petition was filed on behalf of the surviving spouse and the five surviving children and sole heirs of decedent for judgment recognizing them as such and putting them in possession of the succession effects; and on the same day judgment was rendered accordingly. Though this petition is filed in the names of the surviving spouse and the five sole heirs as petitioners, it bears the signature of only Howard Cole, the surviving spouse.
, On October 4, 1949, Frank Cole, one of the heirs of decedent, filed a petition directed against Howard Cole, the surviving spouse and administrator, and Howard F. Cole and Sutherland Cole, co-heirs and also sureties on the administrator’s bond, alleging fraud, misrepresentation and malfeasance on the part of the administrator.
In this proceeding, plaintiff, Frank Cole, demanded the rescission, annulment and setting aside of all proceedings had in the succession, namely: (1) the judgment authorizing the private sale of certain real estate belonging to the succession; (2) the order approving the administrator’s final account; and (3) the judgment recognizing and placing the heirs in possession of the succession effects. ■■
*285 . -Each of said defendants filed'exceptions ■of no right and no- cause 'of action and -misjoinder of parties defendant. All of the said exceptions were- sustained and plaintiff’s suit dismissed. . Hence, this appeal.
In his petition, plaintiff declares that he ‘is a resident of the Parish of Orleans and one of the forced heirs of the decedent; that the judgment recognizing and placing him and his co-heirs in possession was rendered pursuant to a petition brought in his name whereas he was totally unaware •of the proceedings; that he did not au•th'orize such a petition in his name, and, -'being entirely without knowledge, he did ■not and has not accepted'or rejected his mother’s succession nor authorized any person to take any action whatsoever in •his name in respect thereto.
. Plaintiff further alleges that he had no knowledge of the defendant administrator’s final account and that the same is not binding on him, the validity and correctness of which he desires to oppose. He charges that the administrator fraudulently and through misrepresentation disposed of the assets of the succession to pay his personal obligations [1] and to .pay alleged debts to himself and to defendant How■ard F. Cole, a co-heir,, all through the •fraudulent manipulations of a final account, listing debts which were not due and owing by said succession. ■
.. Plaintiff further charges that-, pursuant to-orders obtained-by the administrator, .an inventory of the property belonging to -this succession was taken without -notice .required by law having been given him as an heir; that a certain piece of real property inventoried as an asset of said succession was ordered sold at private sale to Howard F." Cole upon the administrator’s fraudulent representation that'such a" sale was necessary in order to pay privileged and ordinary debts which were non-exist'ent; ' that the property -thus -sol'd had' a market value of at least twice that' of-Hhe sale price; said, price being .based on-the .-appraised value of the property as reflected by the inventory, and which inventoried value failed to represent its true' market value.' '
Plaintiff further■■ alleges that - the order obtained for the private.- sale .of said-property was requested- by -the- administrator for the sole purpose and fraudulent intent of placing the title thereof'fin; .Howard F. 'Cole, all of which was a frauduleht:denia-l of plaintiff’s rights. ' • -si-uo-í
Thus the primáry question sub-mitted 'for consideration under the. exception of no cause of action is whether the ■allegations in plaintiff’s- petition, which •must be accepted -as true, are -.sufficient, after due proof thereof, to sustain an ac..tion -of. nullity and the setting aside of all proceedings had herein.
*287 From the early case of Dussau’s Syndics v. Bredeaux, 1816, 4 Mart., O.S., 450, it has been the settled law of this state that judgments homologating accounts are final and have the authority of the thing adjudged. Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841.
Article 607 of the Code of Practice provides that a definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or ill practices on the part of the party in whose favor it was rendered.
In Succession of Gilmore, 157 La. 130, 102 So. 94, 95, we said:
«* * * The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the eiiforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character. Lazaras v. McGuirk, 42 La.Ann. [194] 200, 8 So. 253; City of New Orleans v. LeBourgeois, 50 La.Ann. [591] 592, 23 So. 542.
“Courts of equity will not permit one party to take advantage of and enjoy the gains of ignorance or mistake of law by the other, which he knew of and did not correct, especially when a confidential or fiduciary relation existed between them. Pomeroy, Equity Juris, vol. 2, pars. 847, 848, 849, 956.”
In Quinn v. Brown, 159 La. 570, 105 So. 624, we affirmed the above pronouncement made in the Gilmore case, supra, and concluded that we would not countenance ill practices which clearly fall within the spirit, if not within the letter, of Article 607 of the Code of Practice.
We conclude that plaintiff, having affirmatively charged acts of deception, ill-practice and fraudulent conduct induced by motives seeking to deprive or dispossess plaintiff as an heir of his just rights in the succession of his mother, effectively and legally sets forth a cause of action for the purpose of determining the validity of the judgments and orders questioned herein.
The exception of no right of action filed by each of the defendants questions the right of plaintiff to maintain his suit to dispute his interest in the subject matter of this succession proceeding.
Article 15 of the Code of Practice provides :
“An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action.”
*289 In the case of Termini v. McCormick, 208 La. 221, 23 So.2d 52, we declared that if a plaintiff has an actual interest in the outcome of a case, then he has a right of action.
Manifestly, the allegations contained in plaintiff’s petition as an heir in this succession proceeding discloses a real and actual interest which under our law he is entitled to pursue.
In support of the exception of misjoinder of parties defendant filed by each of the defendants herein, reliance is on the provision of LSA-Civil Code Article 3066, which reads:
“ * * * no suit shall be instituted against any surety on any appeal bond, nor on the bond of any administrator, tutor, curator, executor, or syndic, until the necessary steps have been taken to enforce payment against the principal.”
On the basis of the above article, defendants contend that plaintiff’s suit should be dismissed as to the defendants Howard F. Cole and Sutherland Cole, who are co-obligors on the administrator’s bond, and, further, that the suit should be dismissed as to the administrator on the basis that earlier cases of the jurisprudence held that where an exception of misjoinder is maintained, the suit must be dismissed as to all parties.[1]
On the other hand, the plaintiff contends that LSA-Civil Code Article 3066 is not applicable in that his petition, though reserving his rights to proceed against the sureties on the bond, does not demand a monetary judgment against the defendants.
Manifestly, this is not a proceeding against the sureties on the bond, nor is it an attempt to fix monetary liability at this time.
Alternatively, plaintiff contends that in the event this court should find the exception of misjoinder of parties defendant is well taken as to Howard F. Cole and Sutherland Cole, then in that event the suit against the administrator, Howard Cole, should not be dismissed in view of the law found in the case of Dubuisson v. Long, 175 La. 564, 143 So. 494, holding that the exception of misjoinder cannot be urged by a defendant who is properly joined, and that where the exception of misjoinder is sustained as to one or more of the defendants, the suit may be maintained with respect to those who are properly joined. The Dubuisson case expresses the accepted law of this state, and we shall adhere thereto in the instant case.
Plaintiff’s demand for rescission and nullity of proceedings had in this succession being founded on allegations of fraud,' misrepresentation and malfeasance *291 on the part of the administrator, there can be no doubt and we conclude that defendant Howard Cole is a proper and necessary party to this action.
The defendant Howard F. Cole, a coheir, whose personal -obligations are alleged to have been discharged with succession assets, who is alleged to have received an advantage over plaintiff by reason of the private sale to him of' succession assets, and who is allegedly occupying an advantageous position by reason of an alleged malfeasance of the administrator, has an interest adverse to that claimed by plaintiff and is a proper and necessary party defendant herein.
The defendant Sutherland Cole, a coheir, has an interest in the subject matter of this suit, it being a suit to set aside certain judgments and orders of the court which may affect him as a co-heir in the succession.
In view of the relationship of the parties hereto and their interests in the cause of action to be adjudicated upon, there can be no pretense that the - defendants .will suffer harm or prejudice as sureties on the administrator’s bond. We find no merit in the exceptions of misjoinder of parties defendant.
■ Accordingly, > for the reasons-'assigned, the judgment of the district court is reversed, annulled and set aside, and it is now .ordered, adjudged and decreed that the exceptions, herein be overruled and this case remanded to the trial court for trial 'on the merits.

. Davidson v. Frost-Johnson Lumber Co., 126 La. 542, 52 So. 759; McGee v. Collins, 156 La. 291, 100 So. 430, 34 A.L.R. 336; Babineaux v. Miller, 5 La.App. 605.