ELLIS, Judge.
The defendant in this suit obtained a default judgment in the District Court against the plaintiff herein and pursuant to said judgment had issued a writ of fieri facias which directed the sale of certain merchandise upon which was claimed a vendor’s lien and privilege in order to satisfy the money judgment obtained. While the advertisement for the sale of these articles was being made the present plaintiff instituted this suit. The defendant filed exceptions of no cause and no right of action which were sustained by the trial court. *179 From this judgment the plaintiff herein has prosecuted this appeal.
In suit No. 58,718 filed in the 19th Judicial District Court, East Baton Rouge Parish, Butler Furniture Co., Inc., alleged it had sold various items of merchandise to Regina Scruggs and her husband, Willie Scruggs; the purchase price of said merchandise was represented by several promissory notes wherein a vendor’s lien and privilege was retained; the notes were never paid. The default in payment was set out and a money judgment was prayed for with recognition of the vendor’s lien and privilege. Personal service was had on both defendants and after legal delays had expired a money judgment was rendered against both defendants, which recognized the vendor’s lien and privilege upon the merchandise. After the delay had expired for taking a suspensive appeal a writ of fieri facias was issued directing the sale of the merchandise, and while the advertisement was being made Regina Scruggs brought this suit, No. 60,265 in the same District Court, seeking, firstly, to annul and set aside the judgment rendered; secondly to enjoin the Butler Furniture Co., Inc. and the Sheriff from selling any of the articles of merchandise, and thirdly, damages for wrongful and illegal seizure.
The action for annulling and setting aside a judgment is set forth in the Articles of the Code of Practice as follows:
Art. 604. “Right to demand. — -One may demand the nullity of a judgment for any of the causes provided in this section, even if no appeal have been taken from the same, or if the delay for taking the same have expired.”
Art. 605. “Causes for demanding— Final judgments. — The causes for which the nullity of a definitive judgment may be demanded are two-fold: those that are relative to the form of proceeding, and those that appertain to the merits of the question tried.”
Art. 606. “Vices of form. — The vices of form for which a judgment can be annulled are the following:
“1. If a judgment has been rendered, even contradictorily, against a person disqualified by law from appearing in a suit, as a minor without the assistance of his curator or tutor,, or a married woman without the authorization of her husband or of the court;
“2. If the defendant, although qualified to appear in a cause, have been condemned by default, without having been cited;
“3. When the judgment, though clothed with all the necessary formalities, has, nevertheless, been given by a judge incompetent to try the suit, either owing to the amount in dispute, or to the nature of the cause;
“4. If the defendant has not been legally cited, and has not entered appearance, joined issue, or had not a regular judgment by default taken against him.”
Art. 607. “Fraud or improper practices resorted to in obtaining judgment. — A definitive judgment may be annulled in all cases where it appears, that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses,, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment.”
The plaintiff forms the basis of that part of her suit for an action of nullity upon the ground that the notes sued upon were-procured through fraud and error and that the judgment recognizing a vendor’s lien was upon property which had long since-been paid for. The defendant takes the- *180 position the plaintiff herein is now seeking to urge a defense which could and should have been forwarded in the original suit No. 58,718. Butler Furniture Co., Inc., v. Regina Scruggs and Willie Scruggs; that to allow the present suit would be to vitiate the legally constituted delay for filing an answer and thus afford the plaintiff herein more delay and additional time to defend the demands of the original suit.
Article 607 of the Code of Practice, supra, sets forth situations where the nullity of a judgment could be sought where the judgment was “obtained through fraud, or other ill practices.” The plaintiff herein apparently is complaining of no fraud in the taking of the judgment itself but does maintain her signature to the promissory notes which were sued upon was obtained through fraud.
The original suit does not form part of this record but it is apparent that the facts related in the petition herein reflect, and plaintiff does not contradict this, the original claim was based upon the promissory notes signed by the plaintiff herein, defendant in the first suit, given as the purchase price upon certain furniture upon which Butler Furniture Co., Inc. enjoyed a valid vendor’s lien and privilege. Also, personal service was had on both defendants in the original suit, one of which is the plaintiff herein, no answer or other pleadings were filed within the legal delays allowed, and after a default judgment had been regularly taken and the suspensive appeal delay allowed, the writ of fieri facias was issued. The petition of plaintiff herein contains no allegations giving any reason for the failure of either of the defendants in the original suit to urge any defenses they might have had.
In DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896, 897, our Supreme Court in its opinion stated:
“It is well settled that he who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and for his failure to appear and timely plead. In other words, he must allege and prove facts which would excuse his failure to plead any defense that he might have had. When the trial judge has refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion for a new trial that he has a meritorious defense to the merits, unless the defendant has shown to the trial judge a good excuse for his failure to appear to defend the suit. This is the ruling announced in Cutrer v. Cutrer, 169 So. 807, decided by the Court of Appeal, First Circuit, with which we fully agree. Further, as was said in Raphiel v. Louisiana Ry. & Nav. Co., 155 La. 590, 99 So. 459, 461, ‘ * * * No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice.’ See also Stout v. Henderson [157 La. 169, 102 So. 193], cited supra; Brownlee-Wells Motors, Inc., v. Hollingsworth, 13 La.App. 19, 127 .So. 754; Cutrer v. Cutrer, supra.
⅝ ⅜ ⅜ ⅝ ⅝ ⅜
“This court said in the Gullo case [Campbell v. Gullo, 142 La. 1082, 78 So. 124, L.R.A.1918D 251]: ‘After judgment has been rendered for a debt it is too late to be questioning the morality of its consideration. All issues that might have been raised in defense to a suit in which judgment has been rendered are forever foreclosed by the judgment. Res judicata which, as has been said, can make black white and the crooked straight can, and does, purge the debt of all impurities. Therefore in this case, were the *181 demand for vacation of judgment founded upon the immorality of the lease contract, it would be foreclosed by the judgment sought to be vacated; for this immorality could have been pleaded in her defense to the suit * * * y»
As far back as Swain v. Sampson and Keen, 6 La.Ann. 799, a nullity of judgment was sought upon the basis that one of the defendants against whom the judgment had been rendered had not actually endorsed the note sued upon. There was no question this defendant had not endorsed the note and this was alleged as fraud to support the nullity of judgment suit. The court, refusing to nullify the judgment, stated:
“Whatever might be the decision on that question, there was such laches and fault on the part of the plaintiff in the case under consideration, causing the injury of which he complains, that it is impossible to afford him relief. He should have appeared to the service of the petition and citation, and denied that he was the endorser of the notes; and then no error or fraud could have occurred in the testimony, having an effect on the judgment, which the court would not have redressed.
“On this part of the subject, we cannot express ourselves in better nor stronger language than that used by the district judge. If there was a defective cause of action, or no cause of action, it was the duty of the party to appear and show it, and he had no more right to disobey the citation to appear and answer the petition, than if he had paid the notes, or if they were prescribed, to neglect pleading those things in defense. Relying upon his right to an injunction, nothing is more fully settled in our jurisprudence, than that matters which might have been set up in defense, to an original action, cannot furnish ground for an injunction. Livingston v. Winfrey, 5 La.Ann. 670.
Minor v. Stone, 1 La.Ann. 284; Morgan v. Driggs, 3 La.Ann. 124.
“It is said, no case has been referred to, in which this principle has been •claimed for a judgment taken by default, and confirmed. That is true; but the principle is based upon the neglect of the party to make a timely defense, when in his power. Now, there is certainly as much negligence in failing to appear and make any defense at all, as in failing to present the defense, having appeared.
“Moreover, we consider the very question before the court decided in the case of Norris v. Fristoe, 3 La.Ann. 646. We there held, that to annul a judgment, a case must be exhibited of matter which would make it against good conscience to execute the judgment; matter of which the injured party could not have availed himself in the former litigation, or of which he was prevented by fraud or accident from availing himself. The matter must also be such as the party, by the use of reasonable diligence, could not have known; for, if there have been laches or negligence, that destroys the title to relief.”
Moss v. Drost, 130 La. 285, 286, 57 So. 929, 930, exemplifies the jurisprudence sustaining an exception of no cause and no right of action made to an attempt to nullify a judgment alleged to have been obtained by fraud and ill-practice. The court in dismissing the suit, gave as one of its reasons the folllowing:
“Another objection which plaintiffs have failed to meet is that they have not alleged that they discovered that the two tracts were not adjacent to each other since the former suit was instituted. Plaintiffs have not been sufficiently diligent to enable them to maintain this action. Want of due diligence is fatal to the right to reopen *182 issues settled by a judgment. This principle was laid down in each of the following decisions: Norris v. Fristoe, 3 La.Ann. 646; Lanfear v. Mestier, 18 La.Ann. 497, 89 Am.Dec. 658; Perry v. Rue, 31 La.Ann. [287] 288.
“They might have presented all their grounds of defense in the former suit. If there was any cause preventing them from presenting a complete defense in the former suit, it is not here alleged.
“The district court correctly maintained the plea of no cause of action.”
See also Sonnier v. Sonnier, 19 La.App. 234, 140 So. 49.
Vincent v. Picolo, La.App., IS So.2d 778, stated the points raised by the plaintiff forming the basis of his attack upon the judgment might well have been successfully pleaded in a defense to the original action or may have been taken advantage of upon appeal, but that the action of nullity could not be used as a substitute. Therein, at page 780, is:
“In Miller v. Miller, 156 La. 46, 100 So. 45, 46, we find the following: ‘The action of nullity “as provided by Code Prac. Art. 607, is independent of the remedy by appeal,” and while it is not a substitute for an appeal, “its purpose is to furnish relief against fraud which has operated in the obtention of a judgment, which makes no appearance in the record, and for which an appeal would afford no remedy.” State ex rel. Pelletier v. Sommerville, 112 La. 1091, 36 So. 864.’ ”
The concurring opinion in the Vincent case, supra, reads:
“I wholly concur in the conclusion reached in the main opinion. For my own part, I doubt the wisdom of permitting a defendant, who has allowed a default judgment to be rendered against him, to pursue the remedy of nullity prescribed in Article 607 of the Code of Practice by attacking the truthfulness of the allegations of the petition which was filed against him. And, while I am aware that the courts have given a most liberal interpretation to the Codal article respecting nullity so as to include within its purview cases where prejury has been committed and injustices have occurred, I know of no case where the courts have gone so far as to sanction the action of nullity based on the ground that the allegations of the petition on which the demand is founded are false and untrue. Petitions are, in most instances, prepared by counsel and, while the law requires that an affidavit of the plaintiff be made thereto, it is a well known fact that many allegations are made which are either incorrect or are not capable of being proved. But no one, I daresay, would have the temerity to suggest that charges made in a petition which cannot be sustained are fraudulent for the defendant has his day in court to combat the case alleged against him. Yet, if Picolo’s contention is correct in this case, the mere fact that Vinson swore to the allegations contained in the petition as being true when, as a matter of fact, he might not have been able to successfully sustain them, if Picolo had elected to defend the case in the first instance, subjects the judgment to this belated attack of nullity, notwithstanding that the judge of the lower court has issued his certificate stating that the evidence tendered in support of the default judgment was sufficient.”
Adams v. Perilloux, 44 So.2d 117, at page 120, an opinion of our Supreme Court, which says:
“Article 607 of the Code of Practice provides that a definitive judgment may be annulled where it appears that it was obtained through fraud or ill practices on the part of the party in *183 whose favor it was rendered. While it has been held that the causes enumerated in this article are merely illustrative and not restrictive yet there must be some artifice or deception used to prevent an adversary from fully exhibiting his case. There were no artifice or deception used to prevent any answer being filed in the case or to prevent the opposing party from fully exhibiting his case. The two cases cited by the plaintiff, Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253 and Engeran v. Consolidated Companies, Inc., La.App., 147 So. 743 are not in point because in those cases the opposing parties were led into a false security because of statements and promises made by their adversaries.”
The plaintiff herein calls our attention to the cases of Succession of Kippers (Cole) 231 La. 280, 91 So.2d 346 and Alonso v. Bowers, 222 La. 1093, 64 So.2d 443. In the Kippers case the cause of action was supported by allegations that the plaintiff had no knowledge of the proceedings until the judgment was signed. There are no allegations in the petition herein to negative any notice having been given to the plaintiff, defendant in the first suit. In the Bowers case, supra, the ‘ill practices’ consisted in the failure of the plaintiff to serve a supplemental and amended petition on the defendant’s attorney of record as required by Statute. This enabled the plaintiff to procure a default judgment which was, of course, open to a demand in nullity since the supplemental and amended petition should have been served on the defendant through his attorney of record according to LSA-R.S. 13:3344.
It is clear that the plaintiff herein knew of the demand of Butler Furniture Co., Inc. as she was personally served, and any time during the legal delays allowed she could have urged her defenses. Certainly, she could have taken a suspensive appeal, but she never even employed counsel nor took any steps to forward any defense of whatever nature she may have had. A collateral attack is sought here on a judgment which is valid upon its face. There is no allegation in the present suit to show the plaintiff herein was unable for any reason beyond her control to prove any defense she may have had.
If the action of nullity falls herein the other demands in plaintiff’s suit must likewise fall.
Plaintiff herein claims the vendor’s lien is not enforceable against those items protected by Article 644 of the Code of Practice wherein exemptions from legal process are itemized. However, Article 3227 of the LSA-Civil Code provides the lien remains valid and enforceable as long as the purchase price is due and the property remains in the vendee’s possession. This privilege is set forth also in Article 3217 of the LSA-Civil Code, and this lien and privilege is not qualified to exclude the items listed in Article 644 of the Code of Practice. Article 646 et sequitur of the Code of Practice regulates the seizure of property and recognizes the right of a debtor to point out the property to be seized provided the person prosecuting the execution of the judgment has no privilege or mortgage on the property of the debtor. Article 648 of the Code of Practice gives a privileged creditor the right to seize property subject to such privilege and states it to be superior to the general right of the debtor to point out the property to be seized. It has been suggested by the plaintiff herein that the vendor should have his vendee execute a mortgage on property which might be exempt from seizure. Such a mortgage would not change the relationship between the vendor and vendee where the lien and privilege existed but would have value only when the vendee transferred the property to a third party.
For the reasons hereinabove, the judgment of the District Court is affirmed, at plaintiff’s costs.