202 So.2d 376 (1967)
Mrs. Edith M. STEELE
v.
John E. RUIZ.
No. 2478.
Court of Appeal of Louisiana, Fourth Circuit.
July 17, 1967.
Rehearing Denied October 4, 1967.
Herbert J. Garon, and Charles G. Merritt, New Orleans, for plaintiff-appellee.
David H. Seelig, and Jesse S. Guillot, New Orleans, for defendant-appellant.
Before REGAN, SAMUEL and BARNETTE, JJ.
SAMUEL, Judge.
Plaintiff instituted this suit against John E. Ruiz, her former husband, for $4,660 plus such liquidated damages as might *377 thereafter accrue. The amount in suit allegedly represented damages inflicted by defendant upon certain property owned by plaintiff, rent paid on property owned by plaintiff which had been collected and unlawfully retained by defendant, and contractual liquidated damages resulting from defendant's failure to vacate property he had rented from plaintiff within the time limit set by the lease agreement.
The defendant failed to answer or make any appearance in the suit and, in due course, on December 17, 1963, plaintiff obtained a judgment by default awarding her $4,685.47. After an untimely application for a new trial had been dismissed, defendant took an appeal to this court. We affirmed the default judgment. Steele v. Ruiz, La.App., 170 So.2d 253.
On May 6, 1964, while his appeal from the default judgment was pending, Ruiz filed a petition in the trial court to annul that judgment and to obtain a permanent injunction restraining execution thereof on the alleged grounds of: (1) lack of service of process in that there had been neither personal nor domiciliary service of the petition and citation; and (2) fraud and ill practices. On the same date the trial court issued a temporary restraining order enjoining execution of the judgment. Extensive subsequent proceedings and hearings culminated in a final judgment dismissing the petition to annul. Plaintiff in the suit to annul, John E. Ruiz, has appealed.
The trial court found a valid personal service of citation and petition had been made on Ruiz and in this court he does not dispute that finding. Having failed to urge or mention the point in either argument or brief, he has abandoned his original contention relative to lack of service of process. Parish of Jefferson v. Bertucci Bros. Const. Co., La.App., 176 So.2d 688; Equitable Discount Corp. v. Jefferson Television S. & S., La.App., 169 So.2d 567; Scott v. Hunt Oil Company, La.App., 160 So.2d 433; Mix v. City of New Orleans, La.App., 126 So.2d 1; Boddie v. Morehouse Parish Police Jury, La.App., 91 So.2d 463; Orleans Parish School Board v. City of New Orleans, La.App., 56 So.2d 280.
Appellant now relies only on fraud and ill practices to the extent that he contends the judgment sought to be annulled was one "* * * rendered on a petition which in and of itself, lends itself to an action of nullity, since it is based upon a debt or a series of debts many of which do not now and have never existed as between Appellee and Appellant herein." He argues that LSA-C.C.P. Art. 2004, providing that a judgment obtained by fraud or ill practices may be annulled, is not limited to cases where fraud or ill practices actually have been perpetrated, but also will lie where the enforcement of the judgment would be unconscionable, citing such cases as Dare v. Myrick, La.App., 168 So.2d 845, Gumina v. Dupas, La.App., 159 So.2d 377, Tapp v. Guaranty Finance Company, La.App., 158 So.2d 228, and Hall v. Hall, La.App., 127 So.2d 347.
The dispute between the litigants arose out of the division of property belonging to the community of acquets and gains formerly existing between them. That division was accomplished by an act of partition under which provision was made for proration of certain rents. A motel establishment and the former family residence were among the properties received by Mrs. Steele in the partition. By separate agreement Ruiz rented the former family domicile from Mrs. Steele for a stipulated time agreeing to leave the premises in good order and free of damages and to pay stipulated liquidated damages at the rate of $20 per day in the event he failed to vacate within the time agreed.
*378 Allegations of fraud and ill practices contained in the petition for nullity consisted of the following: A part of the claim, $1,500 for rent of the motel establishment, had been satisfied and foreclosed by the partition agreement; another part of the claim, for certain exterior (landscaping) damages at the former residence, involved property which had not been transferred to Mrs. Steele; another part of the claim, interior damages to the former family domicile, were untrue, petitioner (Ruiz) having delivered those premises to Mrs. Steele at the termination of his occupancy when they were in good condition excepting only ordinary wear and tear; that Mrs. Steele and a purported contractor who had testified at the confirmation of default had conspired to the end that the said contractor exaggerated the damages and mislead the court into believing the property had been extensively damaged; and the rent sought to be recovered actually had been paid by Ruiz to Mrs. Steele when he paid her pro rata share of the rents.
The rule settled by our jurisprudence is that, in the absence of a showing of a valid and sufficient reason for a defendant's failure to defend a suit on which a default judgment has been taken, such a defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices which could and should have been pleaded in the original suit. Adams v. Perilloux, 216 La. 566, 44 So.2d 117; Grant v. Securities Finance Company, La.App., 173 So.2d 356; Dixson v. Carter, La.App., 138 So.2d 227; Scruggs v. Butler Furniture Co., La.App., 104 So.2d 178; Romero v. Galley, La.App., 79 So.2d 625; Vinson v. Picolo, La.App., 15 So.2d 778.
And as this court said in Dixson v. Carter, supra, at page 230 of 138 So.2d, "* * * the defendant must be deprived of the knowledge of the existence of the defense relied on, or of the opportunity timely to present it, by some intentional artifice, deception, fraud or other ill practice on the part of the plaintiff."
In the trial court appellant was given every opportunity to present his case; the final trial actually lasted three days and, with the single exception of the question involving service of process which the court had decided at a previous trial, he was allowed to go into the matter as fully as if the case was being regularly tried on its merits after issue joined.
Our examination of the record satisfies us that in the trial of his action for nullity the appellant produced only such evidence and defenses as were known and available to him, or could and should have been known and available to him, prior to the date of the default judgment. Other than his own negligence and delay, there appears to be no reason why he could not have made timely presentation of that evidence and those defenses. Nor do we find the judgment unconscionable; quite the contrary is true. While we do not decide the question because it is not before us and only mention the same in order to demonstrate the fact that the judgment is not against good conscience, it does not appear that appellant's defenses would have prevailed even if they had been pleaded and presented at the proper time.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.