ON APPLICATION FOR REHEARING
PER CURIAM.
We cited Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir. 1967), in our original opinion because the pleadings did not state a valid and sufficient reason for the failure of appellant, Willie Cotaya, to defend the suit on which a default judgment had been taken against him.
His petition for nullity of the judgment merely alleged that there was no basis for the judgment against him since he did not sign the lease in question in an individual capacity. This defense was available to him when the plaintiff filed suit against him alleging his personal liability on the lease. Nowhere in the petition for nullity , of judgment did he allege that he was deprived of the opportunity to present a defense because of some intentional artifice, deception, fraud or ill practice on the part of the plaintiff, GECC Leasing Corporation, in said suit. This allegation can only be found in appellant’s brief to this Court.
Though the sustaining of the exception of no cause or right of action by the trial judge was correct under LSA-C.C.P. art. 934, on the sustaining of the exception, the trial judge is required to allow petitioner to remove the grounds for the objection by amendment of its pleadings within the delay allowed by the court. If ■the grounds for the objection cannot be so removed or should plaintiff fail to comply with the order to amend, then the action should be dismissed.
For this reason, the case is remanded to the trial court for the foregoing purpose.
Remanded.