LOTTINGER, Judge.
This is a suit to annul a judgment of divorce rendered in favor of petitioner, Jacqueline Vilardo and against the defendant, Salvadore Vilardo. The Lower Court rendered judgment in favor of petitioner and against the defendant and the defendant has appealed.
The record discloses that on January 23, 1969, the petitioner filed suit for a separation against the defendant. Judgment was rendered on confirmation of default, in favor of petitioner on the 17th day of February, 1969, a preliminary injunction issued restraining the defendant from occupying petitioner’s home and from harassing and worrying petitioner. On July 16, 1970, the petitioner filed for a divorce alleging that she and the defendant had been separated a year from the judgment of separation and, therefore, that she was entitled to and desires a divorce. Personal service on the petition was made on January 18, 1971. On January 20, 1971, defendant was served with an order directing him to show cause why a permanent injunction should not issue restraining him from occupying petitioner’s home and harassing and worrying her, and on February 1, 1971, such a permanent injunction issued.
A judgment of divorce was rendered by confirmation of default on February 8, 1971, and this present suit for annullity was filed on April 14, 1971.
After hearing the testimony, the Lower Court rendered judgment in favor of petitioner and against defendant, dismissing defendant’s petition. Although we are not favored with written reasons below, the Lower Court in its oral reasons said:
“These type matters are always very difficult, for there is really no solution to the problem. Reconciliation means cohabitation and it’s questionable whether or not a reconciliation was, in fact, consummated in this matter. Article 2004 of the Code of Civil Procedure sets forth the procedure for annulling final judgment, which says judgment procured or attained through fraud or ill practice. I do not feel that the judgment rendered in February of 1971, was obtained through fraud or ill practice. There might, perhaps, have been a misunderstanding but I don’t think it was a misunderstanding that was procured or enticed or in anyway, anything done to mislead Salvadore Vilardo, therefore, *571 there will be judgment dismissing the rule at movers cost. Thats all.”
Article 2004 of the Louisiana Code of Civil Procedure provides:
“A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
The defendant claims that the judgment of divorce was fraudulently secured by the plaintiff and that the testimony upon confirmation of default to the effect that the plaintiff and defendant had not lived together for a period of at least a year since the judgment of separation was false. Defendant maintains that he did live with the petitioner during this period of time.
It is apparent to this Court that the petitioner was harassed by the defendant, otherwise it would have been unnecessary for her to go into Court to have him permanently enjoined from occupying petitioner’s home and from harassing and worrying petitioner.
In Steele v. Ruiz, La.App., 202 So.2d 376, the Court said:
“The rule settled by our jurisprudence is that, in the absence of a showing of a valid and sufficient reason for a defendant’s failure to defend a suit on which a default judgment has been taken, such a defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices which could and should have been pleaded in the original suit.”
And in Dixson v. Carter, La.App., 138 So.2d 227, the Court said:
“. . . The defendant must be deprived of the knowledge of the existence of the defense relied on, or of the opportunity timely to present it, by some intentional artifice, deception, fraud or other ill practice on the part of the plaintiff.”
The petition for divorce was filed on July 16, 1970. Personal service was made upon the defendant on the 18th day of January, 1971, and judgment by confirmation was taken on February 8, 1971. We do not feel that said judgment was obtained by fraud or ill practices on the part of petitioner.
The reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.