ON REHEARING
Before DOMENGEAUX and KING, JJ., and SWIFT, J. Pro Tern.*
The sole issue presented by this appeal is whether or not the trial court should have granted a timely motion for new trial after rendition of a default judgment in favor of the plaintiff and against the defendant.
Harriet J. Danel (hereinafter referred to as plaintiff) filed suit against her former employer, KNEK (hereinafter referred to as defendant), a Louisiana corporation, seeking judgment for unpaid wages in the sum of $989.85, legal interest on the amount owed, penalties, and attorney’s fees. Citation and service of process were made upon the defendant and, upon the defendant failing to timely plead, a preliminary default judgment was entered. The preliminary default judgment was confirmed in accordance with law and judgment was rendered by default in favor of *286 plaintiff and against defendant for $3,150.00 in penalties, $1,000.00 in attorney’s fees, together with legal interest thereon from date of judicial demand, until paid, and all costs of the proceedings. A written judgment confirming the default judgment was rendered, read and signed in Open Court on March 27, 1984.
The defendant timely moved for a new trial and/or nullification of the default judgment. After an evidentiary hearing the district judge overruled the defendant’s motion and the defendant appealed.
On appeal we originally affirmed in part, reversed in part, and rendered judgment. Defendant timely filed a motion for rehearing which was granted. On rehearing one of the judges who originally heard this appeal was recused and a Judge Pro Tem-pore was appointed to sit in his place for the rehearing. On rehearing we now render judgment reversing the trial court’s denial of defendant’s motion for a new trial and remand the matter to the trial court for a new trial.
FACTS
The record consists of the testimony and exhibits of the plaintiff, given at the time of the confirmation of the default judgment, and the testimony and exhibits of the defendant’s employee, Dee Sylvester, given at the time of the hearing on the defendant’s motion for a new trial and/or nullification of the judgment. The evidence in the record reveals that plaintiff was employed by the defendant on August 8, 1983 as a sales person whose job was to sell broadcast advertising. She was employed on a monthly commission basis of fifty percent on the first $1,000.00 in monthly sales and fifteen percent on. all monthly sales over $1,000.00. She was additionally to be paid $100.00 per month cash as a gasoline allowance, payable one-half on the first and one-half on the fifteenth of each month, and was guaranteed a minimum gross pay of at least $700.00 per month, including the gasoline allowance.
Plaintiff’s employment with the defendant terminated on September 19, 1983. Shortly after termination of her employment plaintiff, both in person and through counsel, made written demand upon the defendant for payment of wages she claimed were due and owing. Receiving no response to these demands plaintiff instituted suit. Citation and service of process were made upon the defendant, through one of its registered agents. Defendant failed to timely file responsive pleadings and a preliminary default judgment was entered on March 19, 1984. Thereafter, on March 27, 1984, the preliminary default judgment was confirmed. A written judgment was rendered, read and signed in Open Court on March 27, 1984. On April 5, 1984, within the judicial delay of seven days required by LSA-C.C.P. Art. 1974, the defendant timely filed a motion for a new trial and/or nullification of the default judgment. An evidentiary hearing was held on the defendant’s motion on April 30, 1984 and the trial judge overruled the defendant’s motion for a new trial and/or nullification of the default judgment.[1] The defendant timely appealed alleging as assignments of error that:
(1) The evidence introduced at the default hearing, consisting of the plaintiff’s testimony and exhibits, does not support the allegations of plaintiff’s petition;
(2) The documents offered by plaintiff contain serious contradictions and inaccuracies;
(3) Inaccurate, contradictory, incomplete and altered documents were introduced in support of the default judgment;
(4) The default judgment made no award of back wages in favor of plaintiff and against defendant and for this reason penalties and attorney’s fees were not justified;
*287 (5) Defendant had a valid defense to plaintiffs demands and there was a serious and bona fide dispute between the parties.
In the original opinion rendered by this Court, we stated that just because defendant might have a defense to plaintiffs demands or there exists a serious and bona fide dispute between the parties is not a sufficient nor valid legal reason to set aside a default judgment and grant a new trial unless the defendant has shown a good excuse for his failure to appear and defend the suit. As Judge Domengeaux correctly pointed out in the original majority opinion herein, the defendant did not show a good or valid excuse for its failure to appear and defend the suit. We also stated in the original opinion rendered herein that this rule of law applies whether the motion for a new trial or the motion to set aside the default judgment was based upon a defendant’s meritorious defense or upon the plaintiffs fraud or ill practices in securing judgment citing De Frances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951), and Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir.1967). However, this rule of law is limited to situations where the default judgment is based on the alleged defenses of fraud or ill practices which could have and should have been pleaded in the original suit. Steele v. Ruiz, supra, and cases cited therein at page 378.
In this suit the defendant’s motion for a new trial and/or nullification of judgment was based on the allegations that the evidence offered at the time of the confirmation of the default judgment was in direct contradiction with some of the allegations of the plaintiff’s petition, that there were serious contradictions and inaccuracies in the documents offered in evidence by the plaintiff, and that inaccurate, contradictory, incomplete, and altered documents were introduced by the plaintiff in support of the default judgment. Defendant, in its motion for a new trial and/or nullification of judgment filed in this suit, is alleging fraud and ill practices in the obtaining of the default judgment. This alleged fraud or ill practices could not have been pled in the original suit. Thus the rule of law set forth in our original opinion herein would not be applicable to the defendant’s claim of the plaintiff’s alleged fraud and ill practices in the obtaining of the default judgment.
The trial judge, in the written reasons for judgment requested by defendant and filed in the record, stated that defendant had failed to show that the default judgment was contrary to the law and the evidence, that it was obtained by fraud or ill practices, or that it denied the defendant any of its legal rights.
The documentary evidence introduced by plaintiff, upon confirmation of the default judgment, showed that she was only paid on a monthly commission basis which was contrary to her oral testimony that she was paid on a daily basis. The plaintiff’s documentary evidence very clearly shows that plaintiff was only paid on a monthly commission basis with a guaranteed monthly minimum gross pay. Plaintiff orally testified that she was paid at the rate of $35.00 per day which was clearly contradicted by her own documentary evidence.
The uncontradicted evidence in the record reveals that the documents introduced by the plaintiff at the time of the confirmation of the default judgment were inaccurate, incomplete, and had been altered. The photocopy of the synopsis of the plaintiff’s sales contracts, filed in evidence by the plaintiff at the time of the confirmation of the preliminary default judgment, has obviously been altered and is incomplete as can be seen by examining and comparing it to the original of that document which was introduced at the time of the hearing on the motion for a new trial. The uncontradicted testimony, can-celled checks, and other documents introduced at the time of the hearing on the motion for a new trial, concerning the amounts paid to the plaintiff, differs from the testimony of the plaintiff given at the *288 time of the confirmation of the preliminary default judgment.
LSA-C.C. Art. 2004 provides that a final judgment obtained by fraud or ill practices may be annulled. We find that the uneontradicted evidence presented at the time of the hearing on the motion for a new trial, which directly contradicts that given by the plaintiff at the time of the confirmation of the preliminary default judgment, and the documentary evidence submitted by the plaintiff at the time of the confirmation of the preliminary default judgment, which is incomplete and which has been altered from the original, is sufficient to establish that the confirmation of the default judgment, rendered on March 27, 1984, might have been obtained by fraud or ill practices. A new trial may be granted in any case if there is good ground therefor. La.C.C.P. Art. 1973. We find these unexplained inconsistencies in the evidence are good grounds for the granting of a new trial in this matter and that the trial court abused its discretion and erred in not granting defendant’s motion for a new trial and/or nullification of the default judgment.
For the reasons given above, we now reverse and set aside the judgment of the trial court, rendered herein on March 27, 1984, and remand the matter to the trial court for a new trial.
All costs of these proceedings are taxed to the appellee.
REVERSED AND REMANDED.
DOMENGEAUX, J., concurs and assigns brief reasons.

. The District Judge did, however, at the hearing on the defendant's motion, reduce the amount of attorney’s fees previously awarded from $1,000.00 to $600.00.